**Manuel LABBE and Gloria Labbe, Plaintiffs–Appellees,**

v.

**Louis A. STEFFENS, Defendant–Appellant.**

No. 85CA0734.

Colorado Court of Appeals, Div. III.

Feb. 4, 1988.

The Law Firm of Melat & Pressman, Glenn S. Pressman, Colorado Springs, for plaintiffs-appellees.

Holland and Hart, Gregory R. Piche, Denver, Terence P. Fagan, Colorado Springs, for defendant-appellant.

STERNBERG, Judge.

This is an appeal from a judgment of the trial court finding that the manner in which the defendant operated a car wash business caused damages to the plaintiffs who were the owners of property adjoining the car wash. The trial court also entered an injunction; however, following the trial of this case, the plaintiffs sold their property and by agreement of the parties and the purchaser of plaintiffs' property, the injunction was dissolved. We affirm.

■ We find no merit in defendant's contention that the trial court erroneously determined the car wash to be a nuisance. There was evidence in the record sufficient to support this finding and conclusion; thus, it may not be overturned on review. *See Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979); *Allison v. Smith,* 695 P.2d 791 (Colo.App.1984). *See also* Jacus, *Colorado Common Law Actions to Abate the Mishandling of Hazardous Materials,* 16 Colo.Lawyer 2191, (December 1987).

Relying on *Baughman v. Cosler,* 169 Colo. 534, 459 P.2d 294 (1969), the defendant challenges the award of damages to the plaintiffs for the period beginning in 1980 and extending until they first complained about the car wash. The defendant contends that, before a plaintiff can receive damages in a nuisance action, the defendant must have notice of the conduct which constitutes the nuisance. Since the first complaint of damages from the operation of the car wash was received in 1983, the defendant asserts that damages cannot be awarded for the period prior to that time. We disagree with defendant.

In *Baughman,* a leak from an abandoned underground butane gas line result-

ed in an explosion substantially destroying an apartment building. In ruling that the plaintiff could not be accorded relief under the theory of nuisance based on negligent maintenance, the Supreme Court held that actual or constructive knowledge is an essential ingredient of liability. That ingredient was lacking in *Baughman,* as the abandoned line was underground, and the service lines running from it were also hidden from view.

■ Here, the situation is different: From the inception of his business, the defendant was operated a car wash immediately adjacent to residences. Large diesel trucks used an oversized bay on a 24-hour basis, during which time the engines would idle for periods of time of one hour or more and would emit obnoxious fumes. Furthermore, noise problems from passenger cars whose radios would be operated loudly while in the drying area adjacent to plaintiffs' property were frequently encountered. Thus, long prior to the plaintiffs' complaining to defendant, it was apparent that there were adverse effects to adjacent property. The court did not err in awarding damages for the period prior to plaintiffs' complaining of the situation.

Contrary to defendant's argument, there was no reversible error in the amount of the damages awarded. Under the evidence presented, there are reasonable inferences that support the judgment entered. *See Hyman & Co. v. Velsicol Corp.,* 123 Colo. 563, 233 P.2d 977 (1951).

The judgment is affirmed.

VAN CISE and JONES, JJ., concur.